CHAUNCEY L. LANDON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 25022.   Promulgated June 4, 1929.

*Frank J. Maguire, Esq.,* for the petitioner.
*P. A. Bayer, Esq.,* for the respondent.

OPINION.

Arundell: The petitioner is contending that the payment of $7,500 made to him by the Dunlop Tire & Rubber Corporation upon the termination of his employment with it was a gift, and therefore not taxable income as determined by the respondent.

To constitute a gift there must not only be a transfer of possession and an acceptance by the donee of the thing given, but an intention to make a gift. The transfer must also be without consideration or compensation therefor. See *Cora B. Beatty, Executrix*, 7 B. T. A. 726, and cases cited therein.

In *Noel* v. *Parrott*, 15 Fed. (2d) 669 (certiorari denied, 273 U. S. 754), the court said, *inter alia*, in passing upon a question similar to the one we have here:

Although it is held that the motive accompanying a gift is not material, gifts usually proceed from the generosity of the giver; and, when there is any doubt as to the nature of the transaction, the absence of such motive is a pertinent circumstance for consideration. It is an essential characteristic of a gift, however, that it be a transfer without consideration.

\* \* \* \* \* \* \*

It needs neither argument nor citation of authority to establish the proposition that the directors were without authority to give away the corporate assets, and that for them to make to several of their members and other persons a gift of a large sum of money from the corporate assets would be neither "wise" nor "proper," and would amount to an illegal misapplication of corporate funds. We must assume that the directors did not intend such a flagrant violation of their trust.

The court held in this case that the consideration for the transfers to the employees was, among other things, their previous service to the company and the relinquishment of their positions.

The only evidence of record having any relation to the intention of the corporation to make a gift of the amount in controversy here is the testimony of the petitioner himself. His testimony is to the effect that the corporation was under no liability to pay him for his services compensation other than his regular salary, which was paid in full at the time his employment terminated, and that no agreement or understanding was had at that time as to future employment. The respondent alleged in his answer to the petition that the corporation charged the payment of $7,500 to its salary account and so notified him on "Form 1099." No evidence, however, was offered by respondent in proof of his allegation.

Not having been informed as to the authority for the payment, we do not know whether the expenditure was made pursuant to a resolution of the corporation's board of directors or stockholders, or an order of one or more of its executive officers. Furthermore, the

evidence contains nothing to show the purpose the corporation had for making the payment or what it considered its obligation toward the petitioner to be. The fact the payments to all of the employees were based upon the amount of their salaries, carries with it a strong indication that the payments were in consideration of past services or the untimely loss of their positions.

The evidence fails to show that the payment was a gift and, therefore, not taxable. The respondent's action is sustained.

*Judgment will be entered for the respondent.*