Malcolm Hart v. Commisisoner.
Hart v. Commisisoner
Docket No. 36780.
United States Tax Court
1953 Tax Ct. Memo LEXIS 61; 12 T.C.M. (CCH) 1307; November 13, 1953
*61 Payments totaling a year's salary made by his former employer to the petitioner during the year following his resignation, held, taxable income, not a gift. Malcolm Hart, R.F.D. 4, Box 427, Roanoke, Va., pro se. A Russell Beazley, Jr., Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion The respondent determined a deficiency in the income tax of the petitioner for the year 1946 in the amount of $4,178.57. The sole issue to be determined is whether the sum of $16,999.92 received by the petitioner during the year 1946 constitutes taxable income or a gift. Findings of Fact Malcolm Hart, petitioner herein, filed an individual income tax return for the year 1946 with the collector of internal revenue *62 for the first collection district of Illinois. In the spring of 1936, the petitioner entered into the employ of the Pepsodent Company as an executive assistant in charge of sales correspondence at a salary of approximately $4,000 per year. After serving in various executive capacities in the sales department, the petitioner in 1943 was appointed director of sales of the Pepsodent Company at a salary of $17,000 per year. On or about June 30, 1944, Lever Brothers Company acquired control of the Pepsodent Company by purchasing the stock of the latter, which thereafter became known as the Pepsodent Division of Lever Brothers Company (hereinafter sometimes referred to as Pepsodent Division). Petitioner's employment was not interrupted by this event and he continued to hold the same position, i.e., director of sales, with the Pepsodent Division as he had held with the Pepsodent Company. In the latter part of December, 1945, the petitioner submitted to thee Pepsodent Division his resignation, which was accepted and became effective as of December 31, 1945. The principal reason for the petitioner's resignation was his disasatisfaction with the increasingly subordinate role he had been *63 playing in the formulation of Pepsodent Division's sales policy. At the effective date of petitioner's resignation, the company was under no legal obligation to make further payments to the petitioner. Petitioner's salary at the time of his resignation was $17,000 per year. Coincident with the receipt of petitioner's resignation, Charles Luckman, then President of the Pepsodent Division, directed the Comptroller to make periodic payments to the petitioner during the year 1946. At or about the same time that the instructions regarding payments to petitioner in 1946 were issued, petitioner received a Christmas bonus check amounting to approximately $368. During the years 1945-1946, it was the custom of Pepsodent Division, acting through its President, to make severance payments to all resigning employees, except those whose resignations were requested because of dishonesty or, in some cases, those who resigned to take employment elsewhere. Whether and in what amount severance pay was granted was determined by the President after review of the total circumstances relating to the employee involved. In the case of the petitioner, the President decided to authorize the payment in *64 question after he had first evaluated the petitioner's service, responsibility, attitude, and general contributions. This payment to the petitioner did not require approval by either the board of directors or stockholders of Pepsodent Division and/or Lever Brothers Company, since the President of Pepsodent Division was empowered to authorize such payments. During the year 1946, the petitioner received at regular semi-monthly intervals checks from Pepsodent Division totaling $16,999.92, less $2,961.12 withheld for tax purposes. The petitioner during the year 1946 paid an additional $928.82 as his estimated tax. The petitioner rendered no services to his former employer during the year 1946. Acting upon an attorney's advice that the $16,999.92 paid him in 1946 was a gift, petitioner in his 1946 Federal income tax return reported no taxable income received, no tax due and requested that the amount of $3,889.94, consisting of $2,961.12 subtracted by the Pepsodent Division as withholding tax and $928.82 paid by the petitioner as his estimated tax, be refunded. The amount of $3,889.94 was refunded to the petitioner prior to final audit of his return. The sum of $16,999.92 paid *65 to the petitioner by Pepsodent Division of Lever Brothers Company during the year 1946 was additional compensation for prior services rendered. It was not a gift. Opinion VAN FOSSAN, Judge: The sole question presented here is whether the payments in the amount of $16,999.92 made to the petitioner, during the year 1946, constituted compensation for services rendered within the meaning of section 22 (a) of the Internal Revenue Code, [1] or was a gift within the meaning of section 22 (b) (3) of the Internal Revenue Code. [2]
In order to determine whether a certain payment was compensation or a gift, it is essential to examine the intent *66 of the payor in so far as such intent may be reasonably inferred from all the facts and circumstances surrounding the payment in question. If an intention to make a gift on the part of the payor is not a reasonable inference to draw from the evidence, it then becomes unnecessary to consider independently other factors, such as the recipient's understanding of the nature of the payment. Arthur L. Lougee, 26 B.T.A. 23, aff'd 63 Fed. (2d) 112. The record in this case is significantly barren of any evidence revealing an intention on the part of the payor to make a gift, whether the payor company was the Pepsodent Division of Lever Brothers Company or, as petitioner contends, the Lever Brothers Company. The petitioner contends vigorously that the payment here was made as a result of the close personal relationship that existed between him and the President of the Pepsodent Division of Lever Brothers Company during the period in question. The latter, however, testified that he decided to authorize the payment to the petitioner after an evaluation of the petitioner's service, responsibility, attitude and general contributions." This, taken in conjunction with *67 the fact that it was customary to make severance payments to all resigning employees (except those guilty of misfeasance), clearly negatives any inference that the payment here was intended as a gift, the test for which has been stated as follows: "* * * That only is a gift which is purely such, not intended as a return of value or made because of any intent to repay another what is his due, but bestowed only because of personal affection or regard or pity, or from general motives of philanthropy or charity. * * *" Schall v. Commissioner, 174 Fed. (2d) 893, 894 quoting from Bass v. Hawley, 62 Fed. (2d) 721, 723. We feel that the Pepsodent Division's action in withholding appropriate amounts for tax purposes from the periodic payments made to the petitioner during 1946 indicates that the payor company regarded these payments as compensation or deferred salary, not as a gift. The record is not clear as to how the payments were treated on the payor's books of account, although it may be presumed from the failure of the petitioner to introduce into evidence excerpts from such books that whatever entry was made was consistent with the payor's act of withholding *68 taxes from the amounts paid. Cf. Willkie v. Commissioner, 127 Fed. (2d) 953. Further evidence that the payments here were deemed compensatory in nature is the fact that the amount of the payments was measured by and, in fact, identical with the petitioner's salary at the time of his resignation. Poorman v. Commissioner, 131 Fed. (2d) 946; Chauncey L. Landon, 16 B.T.A. 907. Petitioner emphasizes that after July 1, 1944, he worked only 18 months for a new employer, Lever Brothers Company, which paid him his former salary even though many of his responsibilities were taken away from him. This fact argues equally persuasively against the probability of the company's making him a gift. Petitioner also asserts that the President of the Pepsodent Division of Lever Brothers Company, was fully authorized by the board of directors and stockholders to make gifts of the corporate assets to former employees. Even if we had found, which we did not, that the President had such authority, the fact remains that the evidence does not establish that a gift was made to the petitioner. On the whole record, we conclude that the petitioner had failed to carry *69 his burden of proving that the payments to him during the year 1946 constituted a gift. On the contrary, the record justifies only one inference, namely, that the payments here were, and were intended by the payor to be, additional compensation for services rendered within the purview of section 22 (a), I.R.C.
Decision will be entered for the respondent. Footnotes
1. SEC. 22. GROSS INCOME. (a) General Definition. - "Gross income" includes gains, profits, and income derived from salaries, wages, or compensation for personal service * * *. ↩
2. SEC. 22. GROSS INCOME. * * *
(b) Exclusions from Gross Income. - The following items shall not be included in gross income and shall be exempt from taxation under this chapter: * * *
(3) Gifts, Bequests, Devises, and Inheritance. - The value of property acquired by gift, bequest, devise, or inheritance. * * *↩